Christopher J. Hamner, Esq. (SBN 197117)
**HAMNER LAW OFFICES, APC**
555 W. 5th Street, 31st Floor
Los Angeles, California 90013
Telephone:   (213) 533-4160
Facsimile:    (213) 533-4167
chamner@hamnerlaw.com

Glenn C. Nunes, Esq. (SBN 210453)
Anthony J. Nunes, Esq. (SBN 290224)
**NUNES LAW GROUP, APC**
2425 Olympic Blvd, Suite 4000-W
Santa Monica, California 90404
Telephone:   (424) 252-4240
Facsimile:    (424) 252-4301
glenn@nuneslawgroup.com
tony@nuneslawgroup.com

Attorneys for Plaintiff BRIAN STUART, as an individual California resident, and the class he seeks to represent,

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN STUART, an individual, a California resident,<br><br>    Plaintiff,<br><br>    v.<br><br>BOT HOME AUTOMATION, INC., a Delaware corporation, dba, RING.COM, and DOES 1 through 10, inclusive,<br><br>    Defendants. | **CASE NO:**<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1) **Intentional Misclassification (Lab. Code § 226.8)**<br>2) **Failure to Pay Hourly Wages (Lab. Code, §200-204, 1194; IWC Wage Orders)**<br>3) **Failure to Pay Overtime Wages (Lab. Code, §200-204, 1194; IWC Wage Orders)**<br>4) **Failure to Provide Meal Periods or Compensation in Lieu Thereof (Lab. Code § 226.7; IWC Wage Orders)** |

5) **Failure to Provide Rest Periods or Compensation in Lieu Thereof (Lab. Code §§ 226.7, 512; IWC Wage Orders)**
6) **Failure to Reimburse Business Expenses (Lab. Code § 2802)**
7) **Failure to Timely Pay Wages Due at Termination (Lab. Code, §§ 201-203)**
8) **Knowing and Intentional Failure to Provide Itemized Employee Wage Statement (Lab. Code, § 226 (a))**
9) **Violations of the Unfair Competition Law (Bus. & Prof. Code, §§ 17200)**
10) **Violation of the Fair Labor Standards Act ("FLSA," 29 U.S.C. 201, et seq.)**

**DEMAND FOR JURY TRIAL**

Plaintiff Brian Stuart ("Plaintiff"), by and through his attorneys, brings this action against Bot Home Automation, Inc., a Delaware corporation, doing business as Ring.com, and Does 1 through 10, inclusive ("Defendants" or "Ring.com"). Plaintiff hereby alleges, on information and belief, including information based on personal knowledge, which is likely to have additional evidentiary support after further investigation and discovery, as follows:

/ / /

/ / /

/ / /

/ / /

# I.

## __INTRODUCTION__

1.      This case is a proposed labor class action brought on behalf of Plaintiff against his former employer, Defendants Bot Home Automation, Inc., a Delaware corporation, doing business as Ring.Com, and Does 1 through 10 (collectively "Defendants" or "Ring.com.")

2.      This case arises from Ring.com's misclassification of Plaintiff, and others like him, as exempt from hourly wages and overtime, and the resulting failure by Ring.com to pay Plaintiff for all hours worked, or to otherwise provide to Plaintiff and others like him the basic employment rights and protections he and other Ring.com employees are entitled to in California.  Defendants failed to pay Plaintiff compensable wages for time worked and/or subject to Defendants' control, and failed to pay the requisite amount of straight-time wages, alternative minimum wages, overtime, and/or double-time wages for all time worked.  Defendants also failed to provide Plaintiff with uninterrupted and duty free meal and rest periods.

3.      Plaintiff alleges he, and approximately 20 to 25 other inside sales employees of Ring.com, were given misleading job titles which indicated supervisory roles such as managers or directors.  Ring.com misclassified its inside salespeople as exempt independent contractors.

4.      Plaintiff also seeks a PAGA penalty to be paid to the California Labor and Workforce Development Agency (LWDA).

BRIAN STUART V. BOT HOME AUTOMATION, INC., COMPLAINT

5.    Plaintiff has suffered damages, including wage loss, unpaid wages, unpaid overtime, and other legally cognizable harm due to Defendants' labor and employment policies and practices, and therefore has standing to bring this case.

## II.

## THE PARTIES

**A.    Plaintiff**

6.    Plaintiff Brian Stuart is a resident of the State of California.  Plaintiff was employed by Ring.com, in Santa Monica, California, as an exempt "National Sales Manager" and a "National Channel Sales Manager" from approximately August 22, 2010, to November 11, 2016.  Plaintiff alleges he was a non-exempt inside sales employee for Ring.com.  Plaintiff alleges he spent 80% of his time engaging in inside tele-sales, or telemarketing for Ring.com.  Plaintiff spent the other approximately 20% of his time engaged in email sales for Ring.com.  This work was performed by Plaintiff primarily at Ring.com's main office in Santa Monica, California.

**B.    Defendant**

7.    Defendant, Bot Home Automation, Inc., also known as Ring.com, is a Delaware corporation engaged in business in Los Angeles County and throughout the United States.  Defendants are headquartered in Santa Monica, California.

8.    Plaintiff is unaware of the true names, capacities, relationships, and extent of participation in the conduct alleged herein, of the Defendants sued as DOES 1 through 10, but is informed and believes, and based thereon alleges, that said

Defendants are legally responsible for the wrongful conduct alleged herein, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint when their true names and capabilities are ascertained.

9.     Plaintiff is informed and believes, and based thereon alleges, that each Defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and exercised control over his wages, hours, and working conditions. Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan, or policy, and the acts of each Defendant is legally attributable to the other Defendants.

### III.

### GENERAL ALLEGATIONS

10.     Plaintiff was an inside sales person for Ring.com. Plaintiff was classified by Ring.com as an exempt "National Sales Manager" or "National Channel Sales Manager." Plaintiff's job title with Ring.com misrepresents Plaintiff's actual duties. Plaintiff was not exempt, and Plaintiff should have been paid hourly, plus overtime, for performing non-exempt inside sales work for Ring.com.

11.     Defendants misclassified Ring.com other inside sales personnel with job titles containing words such as "manager," "director," or similar supervisory sounding job titles to create the appearance that these Ring.com employees held positions which should be classified as exempt. In reality, each of these employees performed inside

sales work as Plaintiff did and none were supervisors or managers for Ring.com.

12.    Plaintiff alleges that he and others like him were intentionally misclassified by Ring.com in violation of Labor Code section 226.8.

13.    Defendants failed to pay wages, including overtime, and failed to reimburse Plaintiff and others like him for business expenses, including expenses related to working booths at Ring.com expos.  Plaintiff worked Ring.com expo booths, where Ring.com promoted and marketed the Ring.com brand.  Between August and November 2016, Plaintiff went to two expos: one in Dallas, Texas, in September 2016, and one in Orange County, California, in October 2016.  Plaintiff worked long hours at the expos, and is owed unpaid wages and overtime for this work.

14.    The sales and marketing work that Plaintiff and others like him were engaged at the expos was non-exempt.  Plaintiff is entitled to regular pay, plus overtime pay for each overtime hour worked traveling to, from, and working during Ring.com expos.

15.    Plaintiff and the Ring.com other inside sales employees and were managed by the Director of Sales, the Senior Director of Channel Sales, and the VP of Sales, who were Plaintiff's supervisors.

16.    Plaintiff alleges his Ring.com supervisors oversaw, directed, and supervised a 20 to 25 person inside sales team, composed of employees who were

each misclassified, including Plaintiff, at the Ring.com sales office, in Santa Monica, California.

17.    Ring.com's inside sales team was nearly 100% engaged in inside sales. The inside sales team included, but was not limited to the following job titles: "National Sales Manager," "National Channel Sales Manager," "Sales Manager," "Sales Coordinator," "Account Manager," "Project Manager," "Community Engagement Manager," and "Marketing Manager." The inside sales team spent approximately 80% of their time doing sales by telephone ("tele-sales") and 20% of their time performing email sales for Ring.com.

18.    Plaintiff was not subject to an exemption for executive, administrative, and professional employees, or any other managerial exemption under California law.

19.    Defendants' pay policies as alleged herein resulted in a failure to pay all wages due for compensable work or work time wherein Plaintiff remained subject to his employer's control. This policy and practice therefore violated California Labor Code section 200-202, Labor Code section 1194, and California Industrial Wage Commission (IWC) Wage Order 4-2001.

20.    As a result of the Defendants' pay policies, Defendants failed to provide accurate, itemized wage statements to Plaintiff as required by Labor Code section 226.

21.    Defendants failed to pay all wages owed Plaintiff as required by Labor Code section 203. This claim results from Defendants' failure to pay premium wages for missed, late, interrupted or short break periods under Labor Code section 226.7,

and corresponding IWC Wage Order 4-2001.

22.    The claims for which restitution are owed relate to unpaid wages for late and interrupted meal periods.

22.    Plaintiff reserves the right to amend the complaint.

# IV.
## CLASS ALLEGATIONS

23.    This action is brought and may properly be maintained as a class action pursuant to the provisions of F.R.C.P., Rule 23

24.    There is a well-defined community of interest in the litigation and the class is ascertainable.

**A.**    **Numerosity:**  The class is so numerous that individual joinder of all members is impractical under the circumstances of this case.

**B.**    **Common Questions Predominate:**  Common questions of law and fact exist as to all class members, and predominate over any questions that affect only individual members of the class.  The common questions of law and fact include, but are not limited to:

(A)    What were and are the policies, programs, practices, procedures and protocols of Defendants regarding the class members' actual works and tasks and their job duties irrespective of job titles;

(B)    Whether Defendants are and were subject to overtime requirements contained in the California IWC Wage Orders and other

BRIAN STUART V. BOT HOME AUTOMATION, INC., COMPLAINT

California law with respect to the class members pursuant to Labor Code section 510, and Wage Order, No.4-2001 for the period commencing four years prior to the date of the filing of this Complaint and continuing through the date of judgment;

(C)     Whether Defendants' policy and practice of classifying class members as exempt under California law and Defendants' policy and practice of failing to pay overtime to the California class members violate applicable provisions of California law, including applicable statutory and regulatory authority;

(D)     Whether Defendants unlawfully failed to pay overtime compensation in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §17200 et seq., and the California Labor Code and related regulations, Cal. Labor Code §§ 201, 202, 203, 226, 510, 1174, 1174.5 and 1194, the applicable Cal. Wage Orders;

(E)     Whether Defendants violated California law by their policies, programs practices, procedures and protocols regarding rest period for the class members;

(F)     What were and are the policies, programs, practices, procedures and protocols of Defendants regarding furnishing the class members, upon payment of wages, itemized statements required by Labor Code section 226;

BRIAN STUART V. BOT HOME AUTOMATION, INC., COMPLAINT

(G)     Whether Defendants violated California law by their policies, programs, procedures and protocols regarding furnishing to the class members, upon each payment of wages, itemized statements required by Labor Code section 226;

(H)     Whether Defendants violated Business & Professions Code sections 17200 et seq., by their policies, programs, practices, procedures and conduct referred to in this cause of action;

(I)     Whether Defendants obtained voluntarily waivers with consent and full disclosure, and whether a written signed waiver is effective as to all future meal and rest periods;

(J)     The proper measure of damages sustained and the proper measure of restitution recoverable by members of the proposed class; and

(K)     Additional common questions of law and fact may develop as the litigation progresses.

**C.     Typicality:**  Plaintiff's claims are typical of the claims of class members.  Plaintiff and other class members sustained losses, injuries and damages arising out of the Defendants' common policies, programs, practices, procedures, and course of conduct referred to in each cause of action and throughout this Complaint, which were applied uniformly to the class members as well as Plaintiff.  Plaintiff seek recoveries for the same type of losses, injuries, and damages as were suffered by the other class members as well as Plaintiff.

**D.   Adequacy:**   Plaintiff and his counsel will fairly and adequately protect the interests of the class members.  Plaintiff have no interest that is adverse to the interests of the other class members.

**E.   Superiority:**   A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all class members is impractical.  Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender.  Also, because the losses, injuries and damages suffered by each of the individual class members are small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The cost to the court system and the public of adjudication of individual litigation and claims would be substantial, and substantially more than if the claims are treated as class action.  Individual litigation and claims would also present the potential for inconsistent or contradictory results.

**F.   Public Policy Considerations:**   Defendants and other employers throughout the state violate wage and hour laws.  Their current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.  Their former employees are fearful of bringing claims because doing so can harm their employment

BRIAN STUART V. BOT HOME AUTOMATION, INC., COMPLAINT

and future employment and future efforts to secure employment. class actions provide class members who are not named in the complaint a degree of anonymity that allows for vindication of their rights while eliminating these risks, or at least enormously reducing them.

## V.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### Intentional Misclassification
### (Lab. Code § 226.8)

25.    Plaintiff re-alleges and incorporates by this reference each of the foregoing paragraphs as if set forth herein.

26.    Labor Code section 226.8 makes it unlawful to willfully misclassify employees as independent contractors. California employers cannot voluntarily and knowingly misclassify an individual as an independent contractor.

27.    Ring.com's misclassification of its drivers as independent contractors is not "well-reasoned" or done in "good faith." Plaintiff alleges misclassification constitutes a pattern and practice of violating the law.

28.    Plaintiff requests relief as described in the Prayer alleged *supra*, herein.

### SECOND CAUSE OF ACTION

### Failure to Pay Hourly Wages
### (Lab. Code, §200-204, 1194; IWC Wage Orders)

29.    By failure to pay straight time wages as alleged above, Defendants

willfully violated the provisions of Labor Code section 204. By failing to pay for all compensable work time, including for any break periods where Plaintiff ought to be free from Defendants' control and premises, Defendants willfully violated the provisions of Labor Code sections 204 and 1194.

30. California law requires employers, such as Defendants, to pay compensation to all non-exempt employees for all hours caused or suffered to work, including waiting time for activities required by the employer.

31. Plaintiff was entitled to be paid compensation for all hours worked and all hours subject to the Defendants' control.

32. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff sustained damages, including loss of compensation for straight time worked on behalf of Defendants in an amount to be established at trial, prejudgment interest, and attorneys' fees and costs, pursuant to statute and other applicable law.

33. Plaintiff requests relief as described in the Prayer alleged *supra*, herein.

## THIRD CAUSE OF ACTION

### Failure to Pay Overtime Wages
### (Lab. Code, §200-204, 1194; IWC Wage Orders)

34. Plaintiff re-alleges and incorporates by this reference each of the foregoing paragraphs as if set forth herein.

35. Defendants illegally failed to pay overtime wages, and in so doing, Defendants willfully violated the provisions of Labor Code sections 510 and 1194,

IWC Wage Orders, and California Code of regulations, Title 8, section 11160(3).

36.    California law requires employers to pay overtime compensation to all non-exempt employees for all hours worked over eight in a day or forty per week and over twelve in a day for double-time.

37.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has sustained damages, including loss of compensation for overtime worked on behalf of Defendants in an amount to be established at trial, prejudgment interest, and attorneys' fees and costs, pursuant to statute and other applicable law.

38.    Plaintiff requests relief as described in the Prayer alleged *supra*, herein.

## FOURTH CAUSE OF ACTION

### Failure to Provide Meal Periods or Compensation in Lieu Thereof
### (Lab. Code § 226.7; IWC Wage Orders)

39.    Plaintiff re-alleges and incorporates by this reference each of the foregoing paragraphs as if set forth herein.

40.    By failing to authorize and permit statutory meal periods, and by failing to provide compensation for these meal periods, as alleged above, Defendants willfully violated the provisions of Labor Code sections 226.7 and 512, IWC Wage Orders, and California Code of Regulations, section 11160.

41.    As a result of the unlawful acts of Defendants, Plaintiff has been deprived of meal periods, premium wages, and/or other compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, plus interest,

attorneys' fees, and costs.

42.    Plaintiff requests relief as described in the Prayer alleged *supra*, herein.

## FIFTH CAUSE OF ACTION

### Failure to Provide Rest Periods or Compensation in Lieu Thereof
### (Lab. Code §§ 226.7, 512; IWC Wage Orders)

43.    Plaintiff re-alleges and incorporates by this reference each of the foregoing paragraphs as if set forth herein.

44.    By failing to authorize and permit rest periods, and by failing to provide compensation for these rest periods, as alleged above, Defendants willfully violated the provisions of Labor Code section 226.7.

45.    As a result of the unlawful acts of Defendants, Plaintiff has been deprived of rest periods, premium wages, and/or other compensation in amounts to be determined at trial, and is entitled to recovery of such amounts, plus interest, attorneys' fees, and costs.

46.    Plaintiff requests relief as described in the Prayer alleged *supra*, herein.

## SIXTH CAUSE OF ACTION

### Failure to Reimburse Business Expenses
### (Lab. Code § 2802)

47.    Plaintiff re-alleges and incorporates by this reference each of the foregoing paragraphs as if fully set forth herein.

48.    Defendants failed to reimburse Plaintiff for expenses in violation of California Labor Code Section 2802, including expenses for the Ring.com expos.

49.    Ring.com misclassifies employees as non-exempt, and fails to reimburse them for expenses that should be borne by their employer, which constitutes a violation of California Labor Code Section 2802.

50.    In failing to reimburse Plaintiff for expenses paid, Defendants caused hardship to Plaintiff by reaping economic gain at Plaintiff's expense, in disregard of Plaintiff's statutory and regulatory rights.

51.    Plaintiff requests relief as described in the Prayer alleged *supra*, herein.

## SEVENTH CAUSE OF ACTION

### Failure to Timely Pay Wages Due at Termination
### (Lab. Code, §§ 201-203)

52.    Plaintiff re-alleges and incorporates by this reference each of the foregoing paragraphs as if fully set forth herein.

53.    California Labor Code section 203 provides that if an employer willfully fails to timely pay wages, the employer must continue to pay the subject employee's wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

54.    More than thirty days have passed since Plaintiff's employment ended.

55.    Plaintiff is informed and believes, and based thereupon alleges, that Defendants purposefully engaged in a common scheme and design to deprive employees of their full wages and benefits under California law by failing to pay for all travel time, and failing to pay all hours over eight (8) in a day and over forty (40)

BRIAN STUART V. BOT HOME AUTOMATION, INC., COMPLAINT

in a workweek at the overtime rate of pay, and all hours over twelve (12) in a day at the double-time rate of pay.

56.    As a consequence of Defendants' willful conduct in not paying compensation for all hours worked, Plaintiff was entitled to thirty days' wages under Labor Code section 203, together with interest and attorneys' fees and costs.

57.    Plaintiff requests relief as described in the Prayer alleged *supra*, herein.

## EIGHTH CAUSE OF ACTION

### Knowing and Intentional Failure to Provide Itemized Employee Wage Statements (Lab. Code, § 226 (a))

58.    Plaintiff re-alleges and incorporates by this reference each of the foregoing paragraphs as if fully set forth herein.

59.    Defendants knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, hours worked, to Plaintiff in accordance with Labor Code section 226(a) and applicable IWC Wage Orders.  Such failure caused injury to Plaintiff by impeding him from knowing the amount of wages Plaintiff was lawfully entitled to receive.  At all times relevant herein, Defendants have failed to maintain appropriate records of hours worked by the Plaintiff as required under Labor Code section 1174(d).

60.    Plaintiff is entitled to seek injunctive relief requiring Defendants to comply with Labor Code sections 226(a) and 1174(d), and further seeks the amount provided under Labor Code sections 226(e) and 1174.5, including the greater of all

actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period.

61.    Plaintiff requests relief as described in the Prayer alleged *supra*, herein.

## **NINTH CAUSE OF ACTION**

### **Violation of the Unfair Competition Law**
### **(Bus. & Prof. Code, §§ 17200)**

62.    Plaintiff re-alleges and incorporates by this reference each of the foregoing paragraphs as if fully set forth herein.

63.    Defendants' failure to pay all hourly and overtime wages for non-commute travel time owed, failure to use the appropriate rate of overtime pay for shifts exceeding eight (8) hours of work per day and/or over forty (40) hours in a workweek and twelve (12) in a day, failure to authorize and permit meal and rest periods or pay appropriate compensation in lieu thereof, failure to fully reimburse Plaintiff for all business related expenses constitutes unlawful activity, acts and practices that are prohibited by Business and Professions Code sections 17200, et seq. The actions of Defendants described above constitute false, unfair, fraudulent and deceptive business practices, within the meaning of Business and Professions Code sections 17200, et seq.  Defendants have violated multiple provisions of California law and applicable regulations and Orders of the IWC that have the same force and effect of a violation of law. This includes, without limitation California Labor Code

Sections 201-203, 226.7, 512, 1194, and 2802, which serve as statutory predicates for which restitution is owed by Defendant, as well as IWC Wage Orders, and applicable regulations of the California Code of Regulations that relate to record keeping, overtime pay calculations, and failure to properly account for and pay for travel time unrelated to normal commute time.

64.     Plaintiff is entitled to restitution and other equitable relief against such unlawful practices in order to prevent future damage, for which there is no adequate remedy at law.

65.     As a result of these unlawful acts, Defendants have reaped and continue to reap unfair benefits and illegal profits at the expense of Plaintiff.  Defendants should make restitution for these ill-gotten gains to restore to Plaintiff the wrongfully unreimbursed amounts, underpaid wages and overtime pursuant to Business and Professions Code section 17203 and specific performance of payment of penalties ordered under Business and Professions Code section 17202.

66.     Plaintiff is informed and believes, and based thereon alleges, that Defendants are unjustly enriched through the acts described above and that he suffered irreparable prejudice by Defendants' unfair practices.  Further, by engaging in such activities, Defendants are illegally operating at an advantage to other law abiding employers in the State of California, and underpaying payroll and other applicable taxes that are collected by the State and local governmental entities in California.

67.     The illegal conduct alleged herein is continuing, and there is no indication that Defendants will not continue such activity into the future.  Plaintiff alleges that Defendants will continue to fail to pay all hourly and overtime wages, appropriate overtime rates of pay for shifts where overtime is clearly worked, fail to pay all wages due at termination, and fail to pay and avoid paying appropriate taxes, insurance, and unemployment withholdings.

68.     Plaintiff requests relief as described in the Prayer alleged *supra*, herein.

### TENTH CAUSE OF ACTION
### Violations of the Fair Labor Standards Act
### ("FLSA", 29 U.S.C. 201, et seq.)

69.     Plaintiff re-alleges and incorporates by this reference each of the foregoing paragraphs as if fully set forth herein.

70.     Plaintiff is informed and believes, and thereon alleges, that Defendants have required collective class members, as part of their employment, to work without receiving the minimum wage for all hours worked, under 29 U.S.C. § 206(a).  That section provides the following: "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the [minimum wage]."

71.     Plaintiff is informed and believes, and thereon alleges, that Defendants have required, or require collective class members, as part of their employment, to work without additional compensation, such as overtime pay, in excess of the forty

BRIAN STUART V. BOT HOME AUTOMATION, INC., COMPLAINT

hours per week maximum under 29 U.S.C. § 207(a)(1).  That section provides the following: "Except as otherwise provided in this section, no employer shall employ any of his employees for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate which is not less than one and one-half times the regular rate at which he is employed."

72.    Plaintiff is informed and believes, and based hereon, alleges that Defendants have required and/or require the collective class members, as part of their employment, to work without compensation for all hours worked, to work beyond forty hours per week without the payment of overtime compensation, and/or to work at a wage less than the minimum wage, pursuant to, *inter alia*, 29 U.S.C. §§ 206 and 207(a)(1).

73.    The FLSA claims are brought not only for alleged overtime violations, but also for alleged off-the-clock and minimum wage violations as well.  Indeed, in the performance of his duties for Defendants, Plaintiff and collective class members often did work over forty hours per week, yet did not receive straight or overtime compensation for the work, labor and services they provided to Defendants, as required by the FLSA.  The precise number of unpaid overtime hours will be proven at trial.  Plaintiff propose to undertake appropriate proceedings to have the collective class members aggrieved by Defendants' unlawful conduct notified of the pendency of this action and given the opportunity to join this action as Plaintiffs, pursuant to 29

U.S.C. § 216(b), by filing written consents to joinder with the Court.  Defendants' violations of the FLSA were willful and are ongoing.

74.    As a result of the foregoing, Plaintiff seeks judgment against Defendants on his own behalf, and on behalf of those collective class members similarly situated who file written consents to join in this action, for all unpaid wages, including overtime wages owed by Defendants to Plaintiff and the collective class members, pursuant to 29 U.S.C. §§ 206 and 207, together with an award of an additional equal amount as liquidated damages, and costs, interests, and reasonable attorneys' fees, pursuant to, *inter alia*, 29 U.S.C. § 216(b).

## VI.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the class he seeks to represent, pray for relief as follows:

1.    That the Court determine that this action may be maintained as a class action;

2.    That Plaintiff be appointed the class representative;

3.    That the attorneys of record for Plaintiff whose names appear in this complaint be appointed class counsel;

4.    For unpaid wages at overtime rates for all overtime work and unpaid wages for all work for which they were not paid;

5.    For such general and special damages as may be appropriate;

BRIAN STUART V. BOT HOME AUTOMATION, INC., COMPLAINT

6.     For waiting time penalties and civil penalties for all class members no longer in Defendants' employment at the time of Judgment;

7.     For pre-judgment interest;

8.     For the amounts provided for in Labor Code §§ 226(b), 226.7;

9.     For restitution as described in the cause of action under Business & Professions Code §§ 17200 *et seq.* above;

10.     For permanent injunctive and declaratory relief described in the cause of action under Business & Professions Code §§ 17200 *et seq.* above;

11.     For penalties pursuant to Labor Code § 2699;

12.     For penalties pursuant to Labor Code § 2802;

13.     A declaratory judgment that the practices complained of herein are unlawful under California state law;

14.     Attorneys' fees and costs of suit, including expert fees pursuant to California Labor Code §§218.5, 1194, and Calif. Code Civ. Proc. §1021.5; and

15.     Such other injunctive and equitable relief as the Court may deem proper.


Dated: January 25, 2017                    **NUNES LAW GROUP, APC**


By:_____
Anthony J. _ unes, Esq., counsel for
Plaintiff Brian Stuart